UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAIL OWENS<br>1096 Big Ridge Estate<br>East Stroudsburg, PA 18302,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>THE PORT AUTHORITY OF NEW<br>YORK AND NEW JERSEY,<br>d/b/a PATH<br>225 Park Avenue South – 13th Floor<br>New York, NY 10003,<br>　　　　　　　　Defendant. | CIVIL ACTION #: 08 cv 2953<br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

## COMPLAINT

COMES NOW the plaintiff Gail Owens, by and through her undersigned counsel, claims of defendant, The Port Authority of New York and New Jersey d/b/a PATH, such sums as would reasonably compensate plaintiff for losses and injuries under the laws of the State of New York, plus costs and disbursements, in an amount in excess of the statutory arbitration limits, and avers the following:

　　1.　　Plaintiff, Gail Owens, is an adult individual residing at 1096 Big Ridge Estate, East Stroudsburg, Pennsylvania.

　　2.　　Defendant, The Port Authority of New York and New Jersey, is a corporate entity duly organized and existing under any by virtue of law and, at all times material hereto, was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States, and doing business and having a principal place of business in New York, New York.

3. At all times material hereto and for some time prior thereto, plaintiff was in the employ of defendant as a conductor in its business of interstate commerce and transportation by railroad.

4. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, et seq. (1908), the Federal Safety Appliance Act, 49 U.S.C.A. §§ 20302 and the Locomotive Boiler Inspection Act, 45 U.S.C.A. §§ 23, et seq., re-codified at 49 U.S.C.A. §§ 20702, et seq. (the "BIA")

5. On or about September 28, 2006, while in the course of her employment with defendant and following the direction of her Supervisor, plaintiff was walking through the train to instruct the engineer to make an unscheduled stop at the C-Yard. As the train left the defendant's Journal Square Station in New Jersey, plaintiff was caused to loose her footing and be thrown into the vestibule door when un-expectantly and without warning yard switch # 59 tripped causing the train to go into emergency.

6. As a result of this accident the plaintiff was caused to sustain severe and permanent personal injuries, as more fully set forth below.

7. Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

   (a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of her employment by failing to provide plaintiff with a work area safe to walk;

   (b) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of her employment by failing to maintain the subject train operating in a reasonably safe manner;

(c)  failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of her employment by failing to keep the switch in a safe working order;

(d)  failing to warn plaintiff that the defective switch;

(e)  failing to maintain, inspect and properly repair the yard switch as not to interfere with the normal duties;

(f)  failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of her employment by requiring plaintiff to perform her assigned job tasks in an area made unsafe due to the presence of a malfunctioning and/or defective yard switch;

(g)  failing to warn plaintiff of the unreasonably dangerous conditions and/or hazardous condition of the work area including the subject right of way which was made unsafe due to the presence of malfunctioning and/or defective yard switch;

(h)  failing to properly maintain, inspect and/or repair the subject switch, which the train was required to pass over and plaintiff required to use in the course and scope of her employment, to ensure that same were reasonably safe to pass;

(i)  failing to comply with governmental and/or other applicable safety regulations concerning the safety of the work area particularly as they pertain to maintaining yard switch that the train is required to pass;

(j)  failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous condition involving the subject yard switch, as more fully described above; and

(k)  failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, particularly the dangerous condition of the yard switch, as described above..

8.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to her nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and any other personal injuries she may have sustained, plaintiff suffered injuries to her right ankle, hip and knee and wrist by reason of which she has suffered great physical pain and mental distress which she yet suffers and will continue to suffer into the future.

9.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect and cure and/or a diminution of her injuries.

10.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of her usual activities, pursuits and pleasures.

11.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

12.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

**WHEREFORE**, plaintiff Gail Owens demands judgment in her favor and against defendant The Port Authority of New York and New Jersey in an amount in excess of the in an amount in excess of $75,000.00 as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A JURY TRIAL IS DEMANDED

MYERS LAFFERTY LAW OFFICES, P.C.

BY: _____
Steven M. Lafferty, Esquire