UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GAIL OWENS,

                      Plaintiff,

   – against –

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY, et. al.

                      Defendants.
------------------------------------------------------------------X

*Index No.: 08 CV 02953*
*(Judge Daniels)*

**THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY'S ANSWER**

**JURY TRIAL DEMANDED**

       Defendant, The Port Authority of New York and New Jersey (the "Port Authority"), by its Attorney of Record, Milton H. Pachter, as and for its Answer to the Complaint in the above-entitled action dated May 29, 2007 alleges upon information and believe as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph "1" of the Complaint

2. Denies the allegations contained in paragraph "2" of the Complaint.

3. Denies the allegations contained in paragraph "3" of the Complaint.

4. Neither admits nor denies with respect to paragraph "4" of the Complaint, as there are no factual assertions contained therein.

5. Denies the allegations contained in paragraph "5" of the Complaint.

6. Denies the allegations contained in paragraph "6" of the Complaint.

7. Denies the allegations contained in paragraph "7" of the Complaint.

8. Denies the allegations contained in paragraph "8" of the Complaint.

9. Denies the allegations contained in paragraph "9" of the Complaint.

10. Denies the allegations contained in paragraph "10" of the Complaint.

11.  Denies the allegations contained in paragraph "11" of the Complaint.

12.  Denies the allegations contained in paragraph "12" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

13.  The Complaint fails to state a claim as to which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

14.  If any injury or damage was sustained by Plaintiff, such injuries or damages were caused by Plaintiff's own culpable conduct.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15.  That if Plaintiff did not timely commence this action, then certain claims may be barred by the applicable statute of limitations.

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16.  Any injury allegedly suffered by Plaintiff was caused in while or in part by her own negligence and culpable conduct, and to the extent of her culpability, Plaintiff is barred from recovery or, in the alternative shall have her damages reduced in the proportion that her culpable conduct bears to all conduct causing or contributing to such damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17.  If Plaintiff sustained or suffered damages as alleged in her Complaint, such damages were sustained by reason of her negligence or other culpable conduct of person(s) or entities on which defendant exercises no control or supervision, and not by any reason of any negligent of culpable conduct of defendant.

**JURY DEMANDED**

The Port Authority demands a trial by jury.

**WHEREFORE**, the Port Authority, demands judgment dismissing the Complaint herein, together with attorney's fees, costs and disbursements incurred by the Port Authority and for such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
        April 21, 2008

        Respectfully yours,

        MILTON H. PACHTER, ESQ.
        *Attorney for Defendant*
        The Port Authority of New York and New Jersey

        BY: _____
        Scott Occhiogrosso
        225 Park Avenue South – 13th Floor
        New York, New York 10003
        Telephone No.: (212) 435-3483

TO:   Steven Lafferty, Esq.
      Myers Lafferty Law Offices, P.C.
      *Attorney for Plaintiff*
      1515 Market Street Suite 810
      Philadelphia, PA 19102